**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2832-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOSEPH T. DEFREITAS,

      Defendant-Appellant.

_____

Submitted March 8, 2021 – Decided May 7, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 13-02-0230.

Joseph E. Krakora, Public Defender, attorney for respondent (Abby P. Schwartz, Designated Counsel, on the brief).

Robert J. Carroll, Acting Morris County Prosecutor, attorney for respondent (Paula Jordao, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an October 15, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant is presently serving a twenty-five-year sentence on his conviction for carjacking. He contends his trial counsel rendered ineffective assistance by failing to confer with counsel for codefendant Marilyn Nadeau[1]—defendant's girlfriend—who, defendant claims, would have exonerated him. He also contends his counsel failed to elicit an adequate factual basis for the guilty plea by posing a series of "yes or no" questions during the plea colloquy, and failed to file a direct appeal. After carefully reviewing the record in light of the applicable legal principles, we reject defendant's contentions and affirm.

I.

We briefly summarize the circumstances of the carjacking episode based on our review of the record. On December 29, 2012, defendant and Nadeau pulled alongside an elderly woman's vehicle. Defendant got out of his car, brandished an imitation handgun, and forced the victim to move over so defendant could occupy the driver's seat. With the victim still captive, defendant drove to her bank. Nadeau followed in defendant's car. Defendant gave Nadeau

---

[1] Nadeau also pled guilty to the carjacking. We affirmed denial of her PCR petition in State v. Nadeau, No. A-5479-16 (App. Div. Feb. 4, 2019), and rejected her claim that defendant would have exonerated her.

the victim's ATM card to withdraw funds from the victim's account, using the "PIN" the victim was forced to disclose to defendant. Defendant tied up the victim with electrical cord and locked her in the trunk of her car, which defendant abandoned behind a warehouse during the New Year's holiday weekend. Defendant and Nadeau later used credit cards taken from the victim at various stores.

In March 2013, a Morris County grand jury indicted defendant for first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); first-degree robbery while armed, N.J.S.A. 2C:15-1(a)(1); first-degree carjacking, N.J.S.A. 2C:15-2(a)(1), (2), and (4)[2]; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree possession of an unlawful weapon, N.J.S.A. 2C:39-5(d); and third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h).

---

[2] Although the State alleged a single carjacking incident, the indictment charged three counts of carjacking reflecting three distinct legal theories for committing the crime under N.J.S.A. 2C:15-2(a)(1) (inflicting bodily injury or using force), N.J.S.A. 2C:15-2(a)(2) (threatening the occupant with immediate bodily injury), and N.J.S.A. 2C:35-15(a)(4) (operating the vehicle while the victim remained in the vehicle).

In November 2014, defendant pled guilty to first-degree carjacking, N.J.S.A. 2C:15-2(a)(4), pursuant to a negotiated agreement that recommended a twenty-five-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State agreed to dismiss the remaining ten counts. Defendant was sentenced in accordance with the plea agreement. He did not file a direct appeal. In October 2018, defendant filed a pro se PCR petition. Appointed counsel filed a supplemental brief in support of defendant's petition.

Defendant raises the following contentions for our consideration:

> POINT I
>
> DUE TO MANY FAILURES TO ACT ON DEFENDANT'S BEHALF, DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND, AS SUCH, HE WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS.
>
> A. Ineffective assistance of counsel
>
> B. Counsel's failure to investigate the facts of this case and talk to, or meet with counsel for co-defendant, was ineffective assistance of counsel and was prejudicial to defendant's case
>
> C. The factual basis was inadequate for a guilty plea
>
> D. Defendant submits that he is entitled to a new trial based on newly discovered evidence

E. Post-conviction relief should be granted by permitting defendant to withdraw his guilty plea

F. This case should be remanded and an evidentiary hearing held

G. This petition for post-conviction relief is not procedurally barred

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR is not a substitute for direct appeal. Rather, it serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Ibid. To sustain this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987).

A-2832-19

Our Supreme Court has adopted the two-part test articulated in Strickland in determining whether a defendant has received ineffective assistance of counsel. Fritz, 105 N.J. at 58. A defendant may seek post-conviction relief under this standard only if the defendant shows that (1) "[defendant's] counsel's performance was deficient[,]" and (2) this "deficient performance prejudiced the defense." Id. at 52 (quoting Strickland, 466 U.S. at 687).

In order to satisfy the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second prong of the Strickland/Fritz test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. The second Strickland prong is particularly demanding and requires that "the error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Allegro, 193 N.J. at 367). "Prejudice is not to be

presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52; Strickland, 466 U.S. at 693).

Furthermore, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Strickland, 466 U.S. at 694. This assessment is necessarily fact-specific to the context in which the alleged errors occurred. For example, when, as in this case, a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" Nunez-Valdez, 200 N.J. at 139 (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)).

Short of obtaining immediate relief, a defendant may seek to show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. "Although Rule 3:22-1 does not require evidentiary hearings to be held on post-conviction relief petitions, Rule 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Cummings, 321 N.J. Super. 154, 170 (1999) (citing Preciose, 129 N.J. at 462). The PCR court should grant an evidentiary hearing only where (1) a

defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Preciose, 129 N.J. at 462; R. 3:22-10(b). "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63.

To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Id. at 463. As a general proposition, we defer to a PCR court's factual findings "when supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros, Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, when the trial court does not hold an evidentiary hearing, we "may exercise de novo review over the factual inferences drawn from the documentary record." Id. at 421 (citing Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 n.5 (3d Cir. 1991)). Similarly, we review de novo the PCR court's legal conclusions. State v. Nash, 212 N.J. 518, 540–41 (2013) (citing Harris, 181 N.J. at 415–16).

## III.

We first address defendant's contention his trial counsel was ineffective for failing to confer with codefendant Nadeau's attorney and that had he done so, Nadeau would have exonerated him. In support of this claim, defendant presents Nadeau's affidavit dated June 22, 2017, in which she claims that following their arrest, she was "kept in a room very cold[sic] for long hours," and that police threatened and cajoled her until she confessed that "Joseph DeFreitas was involved in the crime and I saw him do it." Nadeau's post-conviction affidavit further states that her confession was false and was only done because she "was scared, confused, cold, wet, tired, and hungry," and that she "did not know what else to do except to lie to them so they [would] leave her alone."

We agree with the PCR court that defendant has failed to establish either prong of the Strickland/Fritz test. Defendant has not established that Nadeau's counsel would have permitted Nadeau to testify on defendant's behalf. Nor has defendant presented a certification as to what Nadeau would have testified to, or how her testimony would have exonerated defendant.

We also agree with the PCR court that Nadeau's recantation rings hollow. As we noted in our opinion denying her PCR petition, post-trial exculpatory

statements of a co-defendant may be "inherently suspect," <u>State v. Allen</u>, 398 N.J. Super. 247, 258 (App. Div. 2008), and "a sentenced co-defendant [has] nothing to lose by exonerating" his [or her] cohort, <u>State v. Robinson</u>, 253 N.J. Super. 346, 367 (App. Div. 1992).

In this instance, the trustworthiness of Nadeau's affidavit is especially suspect. It bears emphasis that defendant had submitted a similar affidavit in support of Nadeau's own petition for PCR. We found in that case that defendant's affidavit attesting to his girlfriend's innocence should be accorded no credence.

In these circumstances, we agree with the PCR and <u>Nadeau</u> courts that defendant's current claims with respect to his girlfriend's putative testimony are merely "bald assertions" that "fall short of establishing a prima facie claim of ineffective assistance." <u>Nadeau</u>, slip op. at 10. Defendant has failed to establish either that his counsel rendered ineffective assistance or that defendant would not have pled guilty had his counsel sought to elicit exculpatory testimony from Nadeau. <u>See</u> <u>Nunez-Valdez</u>, 200 N.J. at 139.

We likewise reject defendant's contention that he did not provide an adequate factual basis for his guilty plea.[3] That claim is belied by the record, which shows that defendant answered affirmatively to the questions posed to him concerning the material elements of the carjacking offense.[4] The trial judge during the plea colloquy found that defendant was "very alert, . . . mak[ing] good eye contact, . . . credible, . . . and knows the exposures that he is facing." Defendant now claims that "nothing of substance came from [his] mouth" during the plea colloquy. We disagree. The manner of questioning during a plea colloquy rests within the discretion of the trial court, and defendant cites no

_____

[3] We note that pursuant to Rule 3:22-4(a), this ground for relief is procedurally barred because it could have been raised in a prior proceeding. Defendant's attempt to couch the claim that there was no factual basis for the guilty plea as ineffective assistance of counsel ignores the fact that the trial judge, not counsel, ultimately controlled the plea colloquy and was required to find an adequate factual basis before accepting the plea. Notwithstanding the procedural bar, we chose to consider defendant's present contention reading the factual basis for his guilty plea on the merits.

[4] Defendant's argument that he did not admit during the plea colloquy that he had used force in committing the offense is unavailing. Defendant pled guilty to the count of the indictment charging carjacking under N.J.S.A. 2C:15-2(a)(4), which requires that a defendant "operate[] or cause[] said vehicle to be operated with the person who was in possession or control or was an occupant of the motor vehicle at the time of the taking remaining in the vehicle." See supra note 2. Under this specific theory of carjacking, the State need not prove that force was used. Cf. N.J.S.A. 2C:15-2(a)(1) (establishing the crime when a defendant "inflicts bodily injury or uses force upon an occupant or person in possession or control of a motor vehicle").

A-2832-19

authority for the proposition that "yes" or "no" answers are legally inadequate and that a defendant must instead articulate in his or her own words the facts establishing guilt. We see no problem in using "leading" questions to establish a factual basis so long as those questions are framed to establish all of the elements of the offense(s) for which a defendant is pleading guilty.

Finally, the PCR court properly rejected defendant's assertion that he had asked plea counsel to file a direct appeal on his behalf. The PCR court noted there were competing certifications from defendant and plea counsel regarding whether defendant asked counsel to file a direct appeal. As the PCR court astutely noted, a letter received by counsel from defendant approximately eight months after sentencing made no reference to a direct appeal or its status. We accept the PCR court's finding that defendant has failed to establish that defendant requested his counsel to file an appeal. We add that defendant has failed to explain what issues would have been raised in a direct appeal besides the issues raised in this PCR that we hold to be meritless. Accordingly, even assuming for the sake of argument that counsel's failure to file a direct appeal constitutes constitutionally deficient assistance, defendant has not established that an appeal would have been successful. He therefore has not satisfied the second prong of the Strickland/Fritz test.

A-2832-19

In sum, we conclude that defendant has failed to establish a basis for an evidentiary hearing, much less to vacate his guilty plea. To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION